Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISS LAW**
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| ROSALYN GRINBERGER, | : : : : | Case No._____ |
| Plaintiff, | : : | |
| v. | : : : : | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| ROMEO POWER, INC., SUSAN S. BRENNAN, LAUREN WEBB, ROBERT S. MANCINI, DONALD S. GOTTWALD, LAURENE HORISZNY, PHILIP KASSIN, TIMOTHY E. STUART, and PAUL S. WILLIAMS, | : : : : : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : : : : | |

Plaintiff Rosalyn Grinberger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with

- 1 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. This is an action brought by Plaintiff against Romeo Power, Inc. ("Romeo" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Romeo will be acquired by Nikola Corporation ("Nikola") through Nikola's subsidiary J Purchaser Corp. ("Offeror") (the "Proposed Transaction").

2. On August 1, 2022, Romeo and Nikola issued a joint press release announcing entry into an Agreement and Plan of Merger and Reorganization (the "Merger Agreement") dated July 30, 2022, to sell Romeo to Nikola. Under the terms of the Merger Agreement, Nikola will acquire each outstanding share of Romeo common stock for 0.1186 shares of Nikola common stock (the "Offer Price"). Pursuant to the Merger Agreement, Offeror commenced the Tender Offer on August 29, 2022. The Tender Offer is scheduled to expire at Midnight (End of Day), Eastern Time, at the end of September 26, 2022. The Proposed Transaction is valued at approximately $144 million.

- 2 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

3.      On August 29, 2022, Romeo filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that Romeo stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's and Nikola's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").  Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(e) and 20(a) of the Exchange Act.

4.      In short, the Proposed Transaction will unlawfully divest Romeo's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such disclosure violations are remedied.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Romeo is headquartered in this District. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Romeo.

9. Defendant Romeo is a Delaware corporation with its principal executive offices located at 5560 Katella Avenue, Cypress, California 90630. Romeo, an energy storage technology company, designs and manufactures lithium-ion battery modules and packs for vehicle electrification in North America. Romeo's common stock is traded on the New York Stock Exchange under the ticker symbol "RMO."

- 4 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

10.     Defendant Susan S. Brennan ("Brennan") has been President and Chief Executive Officer ("CEO") of the Company since August 2021, and a director since December 2020.

11.     Defendant Lauren Webb ("Webb") has been Chief Strategy and Commercial Officer of the Company since June 2021, and a director since December 2020.

12.     Defendant Robert S. Mancini ("Mancini") has been Chairman of the Board since December 2020, and a director of the Company since its inception.

13.     Defendant Donald S. Gottwald ("Gottwald") has been a director of the Company since December 2020.

14.     Defendant Laurene Horiszny ("Horiszny") has been a director of the Company since August 2021.

15.     Defendant Philip Kassin ("Kassin") has been a director of the Company since its inception.

16.     Defendant Timothy E. Stuart ("Stuart") has been a director of the Company since December 2020.

17.     Defendant Paul S. Williams ("Williams") has been a director of the Company since December 2020.

18.     Defendants identified in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

- 5 -

**OTHER RELEVANT ENTITIES**

19. Founded in 2015, Nikola is headquartered in Phoenix, Arizona. Nikola is a designer and manufacturer of zero-emission battery-electric and hydrogen-electric vehicles, electric vehicle drivetrains, vehicle components, energy storage systems, and hydrogen station infrastructure. Nikola's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "NKLA."

20. Offeror is a Delaware corporation and a wholly owned subsidiary of Nikola.

**SUBSTANTIVE ALLEGATIONS**

**Company Background**

21. Romeo is an industry leading energy storage technology company focused on designing and manufacturing lithium-ion battery modules and packs for vehicle electrification. Through its energy dense battery modules and packs, the Company enables large-scale sustainable transportation by delivering safe, longer lasting batteries that have shorter charge times and longer life. With greater energy density, Romeo is able to create lightweight and efficient solutions that deliver superior performance and provide improved acceleration, range and durability compared to battery packs provided by competitors. Romeo modules and packs are customizable and scalable and are optimized by the Company's proprietary battery management system ("BMS").

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

22.     At Romeo's current facility in Vernon, California, the Company is able to innovate, develop and manufacture battery modules and packs in high volumes.  In October 2021, the Company secured a new 215,000 square foot facility located in Southern California for the transition of all operations during the second and third quarters of 2022.  This new location will almost double Romeo's floorspace, providing the room for more efficient and effective expansion, while keeping substantially all operations, labs and personnel in one location.

23.     On May 9, 2022, the Company announced its first quarter 2022 financial results and business developments.  Romeo delivered product revenues of $11.4 million, an increase of $10.8 million compared to the first quarter of 2021.  The Company also captured improved fixed cost leverage and manufacturing scale as production volumes continue to increase, and reported a current backlog of $412.0 million based on minimum purchase commitments as of quarter end.  Commenting on the Company's financial results and looking to the future, defendant Brennan stated:

> The first quarter of 2022 marked solid progress and a continuation of the momentum we began driving in the second half of last year.  We accelerated our commercial production ramp and increased daily production rates substantially.  This allowed for improved deliveries of our leading battery pack technology to customers, thus positioning our Company for continued operational and commercial success.  These improved production rates and throughput have not only been crucial in establishing and supporting the foundation for our growth trajectory, but have also allowed Romeo to capture scale and drive a meaningful decline in operating costs relative to our revenues.  We expect to continue benefitting from our enhanced operating capabilities and improved

- 7 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

processes as we move closer to having all of our operations and R&D under one roof at our state of the art facility in Cypress, California.

On the commercial front, we have also made meaningful strides to support our growth and corporate development. In the first quarter we successfully finalized a multi-year supply agreement extension and enhancement with a leading commercial vehicle customer, entered into a new multi-phase commercial program with an automotive OEM to power rideshare and delivery vehicles, and began shipping the first production of 80 kWh pedigree packs to a key customer manufacturing heavy-duty EVs. We are encouraged by the traction we are gaining in attracting new customers and pilot programs, while opening up discussions with a broad range of other vehicle providers that are interested in how our leading battery technology and battery management systems can create value in the rapidly expanding market for electrification.

While we made marked strides executing against our areas of immediate focus, we remain committed to making the necessary steps to best position the Company for long-term success and shareholder value creation. We will remain diligent in the refinement of our operational performance, establishing operational processes and capacity enhancements that will facilitate our production and further strengthen our revenue trajectory. We have leading proprietary technology that is being recognized by multiple industries, and we will leverage that superior performance and capabilities into improved value and financial performance alongside the quickly expanding market for electrification and EV battery technology. 2022 will be a transformative year for Romeo Power, and we look forward to updating you on the exciting progress we are making as we power the next generation of electric vehicles.

**The Proposed Transaction**

24.     On August 1, 2022, Romeo and Nikola issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

PHOENIX, Aug. 1, 2022 /PRNewswire/ -- Nikola Corporation (NASDAQ: NKLA), and Romeo Power, Inc. (NYSE: RMO), today announced they have entered into a definitive agreement in which Nikola, a global leader in zero-emissions transportation and energy infrastructure

- 8 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

solutions, will acquire Romeo, an energy technology leader delivering advanced electrification solutions for complex commercial vehicle applications, in an all-stock transaction. The proposed exchange ratio implies a consideration of $0.74 per Romeo share and represents an approximately 34% premium to Romeo's July 29, 2022 closing share price and values 100% of Romeo's equity at approximately $144 million. Headquartered in Cypress, California, Romeo is an energy storage technology company focused on designing and manufacturing lithium-ion battery modules and packs for commercial vehicle applications. As Romeo's largest customer, Nikola expects the acquisition will allow for significant operational improvement and cost reduction in battery pack production. The addition of Romeo's battery and battery management system (BMS) engineering capabilities are also expected to support accelerated product development and improved performance for Nikola customers.

"Romeo has been a valued supplier to Nikola, and we are excited to further leverage their technological capabilities as the landscape for vehicle electrification grows more sophisticated. With control over the essential battery pack technologies and manufacturing process, we believe we will be able to accelerate the development of our electrification platform and better serve our customers," said Mark Russell, Nikola's Chief Executive Officer. "Given our strong relationship with Romeo and ongoing collaboration, we are confident in our ability to successfully integrate and deliver the many expected strategic and financial benefits of this acquisition. We look forward to creating a zero-emissions future together."

Robert Mancini, Romeo Power's Chairman of the Board of Directors, added, "As Romeo's largest customer, Nikola has been a cornerstone of our development and growth, and this is a natural evolution of our relationship. Our products provide critical energy density important to heavy-duty vehicles, combined with safety performance and battery management software. Following an extensive review of alternatives, we firmly believe that this combination offers the best opportunity for Romeo shareholders to participate in the ongoing value creation at a larger scale, stronger combined company. It is exciting to see Romeo joining the Nikola family."

**Compelling Strategic Rationale**

- 9 -

- Vertical integration and single product focus will drive significant operational improvement and cost reduction for one of the most expensive components of the bill of materials

- Integrated commercial vehicle electrification platform is expected to lead to manufacturing excellence and expected annual cost savings of up to $350 million by 2026; reduce non-cell related battery pack costs by 30-40% by the end of 2023

- An important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house; expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences

- Provides Nikola with domestic battery pack manufacturing capability, complementing Nikola's commitment to dual-source battery pack strategy to satisfy capacity needs

- Romeo has proven battery pack technologies and a significant battery cell supply agreement in place

- Nikola is Romeo's largest production customer, and the parties have strong ongoing engineering collaboration

**Exchange Offer**

The transaction has been approved by the Boards of Directors of both companies. Under the terms of the agreement, Nikola will commence an exchange offer to acquire all of the outstanding shares of Romeo common stock. Under the terms of the agreement, Romeo stockholders will receive 0.1186 of a share of Nikola common stock for each Romeo share, representing an equity value of approximately $144 million and 4.5% pro forma ownership of Nikola. The transaction is expected to be completed by the end of October 2022, subject to the tender by Romeo's stockholders of shares representing a majority of the outstanding Romeo common stock, and customary closing conditions, including regulatory approval. Upon the successful completion of the exchange offer, a newly-formed subsidiary of Nikola will be merged into Romeo, and any remaining shares of Romeo common stock that were not tendered in the exchange

- 10 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

offer will be canceled and converted into the right to receive the same consideration payable in the exchange offer.

**Interim Liquidity Support**

Nikola has agreed to provide Romeo with $35 million in interim funding to facilitate continued operations through closing. Funding will consist of $15 million in senior secured notes and up to $20 million for a pack delivery incentive which is a temporary price increase for each pack delivered through expected transaction close. Additional liquidity support is available in the event the transaction closing is delayed.

\*\*\*

**Advisors**

Citigroup Global Markets Inc. acted as sole financial advisor to Nikola on the transaction, and Pillsbury Winthrop Shaw Pittman LLP served as legal advisor.

Morgan Stanley & Co. LLC acted as sole financial advisor to Romeo on the transaction, and Latham & Watkins LLP served as legal advisor.

## Insiders' Interests in the Proposed Transaction

28. Romeo insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Romeo.

29. Notably, if they are terminated in connection with the Proposed Transaction, Romeo's named executive officers will receive substantial cash severance

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

payments in the form of golden parachute compensation as set forth in the following table:

| Name | Cash ($)[1] | Equity ($)[2] | Perquisites/ Benefits ($)[3] | Total ($) |
|---|---|---|---|---|
| Susan S. Brennan | 1,560,000 | 1,856,049 | 21,580 | 3,437,629 |
| Abdul Kader El Srouji | 758,080 | 475,246 | 9,162 | 1,242,488 |

## The Recommendation Statement Contains Material Misstatements or Omissions

30. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Romeo's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction.

31. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's and Nikola's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley.

*Material Omissions Concerning Romeo's and Nikola's Financial Projections*

32. The Recommendation Statement omits material information regarding the Company's and Nikola's financial projections.

33. Specifically, the Recommendation Statement fails to disclose and quantify for each of Romeo's "Case A" and "Case B" financial projections the line items underlying (a) EBITDA and (b) Free Cash Flow.

- 12 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

34. Additionally, with respect to the Company's Case B financial projections the Recommendation Statement fails to disclose unlevered free cash flows for the nine- and one-half-year period from the second half of 2022 to 2031.

35. Moreover, even though Romeo stockholders are being asked to decide whether to tender their shares in the Tender Offer whereby the currency they will be receiving is Nikola stock, the Recommendation Statement wholly omits Nikola's financial projections to allow Romeo stockholders the ability to assess and evaluate the currency they will be receiving.

36. The omission of this information renders the statements in the "Certain Unaudited Prospective Financial Information" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

37. The Recommendation Statement omits material information regarding Morgan Stanley's financial analyses.

38. The Recommendation Statement describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Romeo's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

place on Morgan Stanley's fairness opinion in determining whether to tender their shares in the Proposed Transaction.

39.    With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Recommendation Statement fails to disclose: (i) the NTM EBITDA multiples for each of the Established Driveline companies; (ii) quantification of the inputs and assumptions underlying the discount rate range of 13.1% to 15.1%; (iii) Romeo's projected net cash; and (iv) the fully diluted shares outstanding of Romeo utilized in the analysis.

40.    With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) unlevered free cash flows for the nine and one-half year period from the second half of 2022 to 2031; (ii) quantification of the terminal value for the Case B financial projections; (iii) quantification of the inputs and assumptions underlying the discount rate range of 13.1% to 15.1%; (iv) quantification of the value of Romeo's existing and expected to be created tax attributes; (v) Romeo's debt and cash as of June 30, 2022; and (vi) the fully diluted shares outstanding of Romeo.

41.    The omission of this information renders the statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of the Company's Financial Advisor" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

42.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Romeo stockholders will be unable to make an informed decision whether to tender their shares in the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations
of Section 14(e) of the Exchange Act**

43.     Plaintiff repeats all previous allegations as if set forth in full.

44.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer commenced in conjunction with the Proposed Transaction.

45.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer commenced in conjunction with the Proposed Transaction.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

46.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

## COUNT II

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

47.     Plaintiff repeats all previous allegations as if set forth in full.

48.     The Individual Defendants acted as controlling persons of Romeo within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Romeo and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

51. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

52. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Romeo, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.    Granting such other and further relief as this Court may deem just and proper.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.


Dated:  September 13, 2022              **WEISS LAW**

                                        By: */s/ Joel E. Elkins*

                                        Joel E. Elkins
                                        611 Wilshire Blvd., Suite 808
                                        Los Angeles, CA 90017
                                        Telephone:  310/208-2800
                                        Facsimile:   310/209-2348
                                                -and-
                                        Michael Rogovin
                                        476 Hardendorf Ave. NE
                                        Atlanta, GA  30307
                                        Telephone: 404/692-7910
                                        Facsimile:  212/682-3010

                                        *Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS